**UNITED STATES of America,**
**Appellee,**

v.

**Samuel Orlanda AVERY, a/k/a Samuel Abdullah Kenyatta (two cases),**
**Appellant.**

**Nos. 15196, 15197.**

United States Court of Appeals,
Fourth Circuit.

Aug. 30, 1971.

Matthew N. Ott, Jr., Richmond, Va., on the brief for appellant.

Brian P. Gettings, U. S. Atty., and David G. Lowe, Asst. U. S. Atty., on brief for appellee.

Before SOBELOFF and BOREMAN, Senior Circuit Judges, and BRYAN, Circuit Judge.

PER CURIAM:

Samuel Orlanda Avery appeals his convictions for bank robbery and violation of bond terms. He was sentenced to twenty-two years on the bank robbery conviction and five years for the violation of bond terms, these sentences to run concurrently.

On the bank robbery conviction, Avery claims that certain property seized during a search was not specified in the search warrant and, thus, was unconstitutionally admitted as evidence against him.

During an authorized search for money pursuant to a valid search warrant, F.B.I. agents seized two pieces of yellow paper: one piece, containing a latent palm and fingerprint similar to those of Avery, had a floor plan drawn on it. An employee of the bank which was robbed testified that this item "is a plan very similar to our floor plan at the bank." The second piece of yellow paper was not introduced by the Government.

■ We conclude that the paper containing the sketch of the floor plan was properly introduced as evidence. When the papers were found, the search had not been extended beyond the scope of the warrant. Thus the agents chanced upon these items while they were in a position which they had a right to be in. Anglin v. Director, Patuxent Institution, 439 F.2d 1342 (4th Cir. 1971).

■ We think that Avery's claim that his conviction was contrary to the law and evidence is without merit. Two eyewitnesses identified Avery as one of the three men who robbed the bank and, although Avery alleges certain inconsistencies in their testimony, we find this evidence substantial enough to support the finding of guilt. Consequently, the judgment of the District Court should remain undisturbed. See, Bell v. United States, 185 F.2d 302 (4th Cir. 1951).

Finally, Avery contends that his conviction of violation of bond terms was contrary to the law and evidence. We disagree. Avery was released pursuant to the provisions of the Bail Reform Act (18 U.S.C. § 3146) and was ordered to remain in the Eastern District of Virginia. Subsequently, Avery traveled to Jamaica and was arrested on his return to Miami, Florida. Finding no merit in Avery's contention that he possessed a round trip airplane ticket from the United States to Jamaica, we find substantial evidence to show a willful violation of bond terms and, consequently, the findings below will not be disturbed. See, *Bell*, supra.

We dispense with oral argument and the convictions below are

Affirmed.